1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL STEPHEN LYNCH,

11              Plaintiff,                    No. CIV S-06-1022 FCD DAD P

12        vs.

13   C. HUGHES, et al.,

14              Defendant.                    <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3  The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16  A complaint, or portion thereof, should only be dismissed for failure to state a

17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

19  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

20  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

21  complaint under this standard, the court must accept as true the allegations of the complaint in

22  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25  Here, plaintiff has not used the court's form complaint.  The court is unable to

26  determine from the complaint filed by plaintiff who plaintiff is attempting to name as defendants

2

1   in this action, whether plaintiff has exhausted administrative remedies, the claims plaintiff

2   intends to pursue, as well as the relief plaintiff seeks.  Therefore, the court will dismiss the

3   complaint and grant plaintiff leave to file an amended complaint.  Plaintiff must use the form

4   provided by the court and he must answer each question in the form complaint.  Plaintiff must

5   demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

6   constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint

7   must allege in specific terms how each named defendant is involved.  There can be no liability

8   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

9   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

10  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

11  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

12  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13          As to plaintiff's allegations that correctional staff have failed to photocopy and

14  mail his legal documents, plaintiff is advised of the following legal standards for stating a

15  cognizable access to the courts claim.  It is well-settled that "[p]risoners have a constitutional

16  right of access to the courts guaranteed by the Fourteenth Amendment." Bounds v. Smith, 430

17  U.S. 817, 821 (1977).  However, an inmate alleging a violation of Bounds must demonstrate an

18  actual injury to court access.  Lewis v. Casey, 518 U.S. 343, 349 (1996).  To demonstrate "actual

19  injury," plaintiff must show that he "could not present a claim to the courts because of the state's

20  failure to fulfill its constitutional obligations."  Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir.

21  1995). Actual injury could include, for instance, dismissal of plaintiff's complaint "for failure to

22  satisfy some technical requirement which, because of deficiencies in the prison's legal assistance

23  facilities, he could not have known," or "that he had suffered arguably actionable harm that he

24  wished to bring before the courts, but was so stymied by inadequacies of the law library that he

25  was unable even to file a complaint." Lewis, 518 U.S. at 351.  The State is not required to enable

26  the prisoner to discover grievances or to litigate effectively once in court. Id. at 354.  Rather, the

right at issue is the prisoner's right to file a grievance, whether it be in the form of a civil rights complaint or an appeal from his conviction.  Id. at 355.  Therefore, in his amended complaint, plaintiff must provide allegations clarifying how he was injured by defendant's alleged  failure to photocopy and mail his legal documents.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

/////

1          5.  The Clerk of the Court is directed to provide plaintiff with the court's form

2  complaint for a § 1983 action.

3  DATED: January 16, 2007.

4

5          _____

6          DALE A. DROZD
           UNITED STATES MAGISTRATE JUDGE

7  DAD:4
   lynch1022.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26